EAGLE INDEMNITY COMPANY, APPELLANT, v. VILLAGE OF CRESTON, APPELLEE.

FILED NOVEMBER 15, 1935. No. 29384.

*Dressler & Neely* and *H. J. Lutz,* for appellant.

*Otto F. Walter, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This is an action to recover balance of premiums alleged to be due on two standard workmen's compensation and employers' liability policies of insurance.

Plaintiff alleged the issuance of the two policies and the payment of a certain amount as premiums; that the actual amount of the premiums depended upon the payroll of employees covered by the policies. As to volunteer firemen, where no salaries are paid, it was to be considered at the rate of $100 per annum for each fireman. It is claimed by plaintiff that the policies covered 22 volunteer firemen of the village of Creston, and that no premiums for these 22 firemen were paid. For this alleged coverage the plaintiff seeks to recover the balance of the premiums. The defendant denied that the policies were intended to or did cover any firemen, and alleged that there were no firemen in the village of Creston subject to the workmen's compensation law, and that, therefore, there was no coverage. A trial of the issues resulted in judgment for defendant. Plaintiff has appealed.

There is no substantial dispute in the evidence. This state of facts is disclosed by the record: The village of Creston desired a policy of insurance to protect it from liability to its employees under the workmen's compensation law. The village clerk was directed to procure such insurance. He applied to the agent of the plaintiff for rates. The agent wrote to the company at its home office and procured a statement of what the rates would be for the several classes of employees, submitted it to the village clerk, and it was thereupon reported to the village board. The board determined that the rate for firemen was too high and directed the clerk to procure a policy of insurance covering employees other than firemen. This information was con-

veyed to the agent of plaintiff. The agent of plaintiff, not being familiar with and not writing the insurance, submitted the application to the company. He testifies that he informed the company that insurance covering firemen was not desired, but only a policy covering other employees. In due time the policy was received; the agent looked it over casually, and concluded that it did not cover firemen; handed the policy to the clerk of the village, who likewise examined it casually and believed it did not cover firemen. A few days thereafter the premium was paid to the agent and by him transmitted to the company.

When this policy was about to expire, an application was made for another policy, of like amount, for another year, and like information was given to the agent, and by him transmitted to the company, that the policy, covering employees except firemen, was desired. Such policy was written and returned to the agent, and by him delivered to the village clerk. Neither of them examined the second policy with care, but believed that it did not cover firemen. Shortly before the expiration date of the second policy, the company directed an audit of the payroll of defendant's employees. The auditor did not make an inspection, but wrote the clerk for information as to the number of employees in listed classes and the salary paid to each. In the form of inquiry sent to defendant by the auditor, firemen were listed. In answering the inquiry, the clerk of defendant wrote after the classification "firemen:" "22 men not insured." Shortly after the expiration of the second policy, an audit was made in like manner, and the clerk, again filling out the requested information, wrote after the designation "firemen" the words "not insured." The auditor determined, however, that, under the terms of the policy, firemen were covered and insisted that there was an additional premium due of something over $60 on each of the policies. It is to recover this amount that the action is brought.

From the record it is clear that the defendant did not desire insurance to cover its volunteer fire department. It is

also clear that this information was given to plaintiff's agent. It is undisputed that this information was given to the company. The policy which the company wrote and sent might well deceive one not skilled in reading such policies. The company, either deliberately or by inadvertence, wrote a policy which, by its terms, would cover the firemen of the village. We prefer to believe that it was a matter of inadvertence and not design. In any event, there was no meeting of the minds of the parties for the coverage of the firemen. Defendant did not desire coverage for its firemen and did not understand that it had such coverage. The mistake was made by the company, and the village, in accepting the policy, believing it not to cover firemen, participated in the mistake. It was, therefore, a mutual mistake. Under such circumstances, had a suit been brought upon the policy, the plaintiff would have been entitled to have had the policy reformed to conform to the intention of the parties. We see no reason why a like rule should not be applied when a suit is brought against the insured to recover the additional premium. In accepting the policy as written, defendant did not desire, or intend to accept, coverage for its firemen.

But there are other reasons why the plaintiff may not recover in this action. The workmen's compensation law, section 48-115, Comp. St. 1929, which was in force at the time the policies were written, defines the words, "employee" and "workman," and, among other things, contains this language: *"Provided,* that for the purposes hereof, volunteer firemen of any fire department of any city or village, which fire department if (is) regularly organized under the laws of the state of Nebraska, shall be deemed employees of such city or village while in the performance of their duties as members of said department. *Provided, further,* members of such volunteer fire department shall before they are entitled to the benefits under this act, be recommended by the chief of the fire department for membership therein to the mayor and city commission, the mayor and council or the chairman and board of trustees,

as the case may be, and upon confirmation shall be deemed employees of the city or village; and *provided further* members of such fire department after confirmation to membership, as aforesaid, may be removed by a majority vote of such commission, council or board, and thereafter shall not be considered employees of such city or village."

The evidence discloses that no list of firemen was ever presented to the village board of defendant by the chief of the fire department; nor was any confirmation of any firemen made by the chairman and village board. Clearly, under this statute, there were no firemen of the village who were employees, within the meaning of the workmen's compensation law, and there was and could be no liability incurred under the policies in question for workmen's compensation to such firemen as employees of the village.

Plaintiff cites and relies upon *City of Fremont v. Lea,* 115 Neb. 565, wherein it was held that volunteer firemen were employees of the city of Fremont. That case was decided in 1927. The statute then in force did not contain the provisos above quoted. Moreover, in that case the fireman who was injured was, and had been for a number of years, on the payroll of the city and receiving a salary of $115 a month, being regularly paid by warrants ordered by the mayor and council. That case, however, has no application to the situation here under the changed statute.

Section 20-1217, Comp. St. 1929, reads: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it." In the instant case the agreement or contract of insurance was intended in a different sense by the respective parties thereto. The plaintiff knew, by information from its agent, that the defendant understood it to be a policy not covering its volunteer firemen. Such being the case, the policy should be construed, as between the parties, as not covering the firemen.

For the reasons stated, plaintiff was not entitled to recover.

AFFIRMED.